I think that Joseph Wells was seized of an estate tail, and not in fee simple, at the time he conveyed the premises in question to Stephen Lee. I also think that that conveyance did not work a discontinuance of the estate tail, because I consider it to be only a deed of bargain and sale, which of itself would not have that effect, and that there is not contained in it any such warranty as would qualify it to produce that effect. Were these the only points in the case, I should be of opinion that the plaintiff would be entitled to recover, as the reasons and authorities on which this opinion is founded are fully contained in the arguments of the plaintiff's counsel, I suppose it to be unnecessary here again to repeat them. But there is another point made in the case, founded on the act of limitations, which, as I have thought somewhat more doubtful, I have endeavored to consider more fully; and I think from the (540) best consideration I have been able to give it, that that point should be decided in favor of the defendant. If each of the issue of tenant in tail, as they may happen to become entitled to the estate tail, are to be considered as quite distinct persons, and possessing distinct rights, no way dependent one on the other, then this opinion must be erroneous, because the act gives the right of entry or making claim within seven years next after their right or title shall accrue or descend, and it cannot be said that the right of entry accrues to anyone until the death of the person entitled to the estate tail next before him. This may be more fully illustrated by the case put by Mr. Haywood, of the tenant for life and the reversioner, which I think good law, for surely the laches of the tenant for life would not prejudice the right of the reversioner, because their rights are distinct. Mr. Butler, in note 281, upon Littleton, section 595, says, among other things, "that though the estate of the tenant in tail as to his right of possession, or rather, as to his *Page 456 
beneficial property in the lands, has only a duration for the term of his life, yet in the eye of the law he is considered as seized of an estate of inheritance." In the case of Penyston v. Lyster, Cro. Eliz., 896, it was decided "that if tenant in tail conveys by bargain and sale, and the bargainee levies a fine with proclamations, and five years pass in the life of the bargainor, who dies, this fine shall not bar the issue in tail, but he shall have five years after the death of his father, because the father could not enter to avoid the fine, and his issue was the first to whom the right descended. But it is said in the same case that if tenant in tail had been disseized, and the disseizor had levied a fine, and the tenant in tail had suffered the five years to pass, etc., that shall bind his issue, because the tenant in tail had a right at the time the fine is levied, and therefore the issue was not within the saving. So we see that the issue are not barred in the first case, because the father could not enter against his bargain and sale; but in the latter case they are, because the right of entry was in the father, which he did not avail himself of. The (541) same distinction is taken in Sheppard's Touchstone, pages 32 and 33, and the cases there cited, where it is said, "If a tenant in tail discontinue in fee, and the discontinuee levieth a fine with proclamations, and five years do pass, and tenant in tail dieth, in this case his issue shall have five years after the descender to bring his formedon; but if tenant in tail discontinue rendering rent and die, and the issue accept the rent (which doth bar him for his time) and then the discontinuee levieth a fine and dieth; in this case the issue of the issue shall not be barred by the five years after the fine, but shall have five years after the death of the issue." Here it is strongly implied that if the issue had not accepted the rent, but had suffered five years to pass, his issue would have been barred. To the same effect, see 1 Dy., 3a; 3 Com., 358 and 9; 3 Coke, 87, and many other books. It may therefore be said, if the tenant in tail to whom the right first accrues does not pursue his right in time, his issue shall be barred; but if lessee for life levy a fine or make a feoffment in fee, and the feoffee doth levy a fine, he in reversion of remainder shall not be bound by the next five years after the fine levied, but shall have five years next after the death of tenant for life. Cro. Car., 156-7; Shep. Touchstone, 32, and the cases there cited; 3 Com., 358-9. Thus, we see that in this respect the rights of the issue in tail cannot be likened to those of a tenant for life and those of a remainderman, etc. But it may be said, and truly, that those adjudications were not made on the statute, 21st James I, ch. 16: 'Tis true that is not the case; but in the statute on which they were made there is a saving to all persons, provided they assert their right within a certain time after it accrues; and I merely mention those cases to show that, if *Page 457 
the right first accrued to the tenant in tail and he did not exercise it in a proper time, the issue was barred. The time of limitations in a formedon by Sta., 21st Jac., is twenty years; within which space of time, after his title accrues, the demandant must bring his action or else is forever barred. 3 Bl., 192. Now, in case twenty years should elapse during the life of the issue in tail, and that issue dies, I am not aware at present of any adjudged case that would entitle the issue (542) of that issue to his action at any time within twenty years more. The same statutes, which it is said our act of limitation so much resembles, give the right of entry, provided that right is exercised within twenty years, and it appears to me that in case the right of entry is once lost, that right can no more be revived in any succeeding issue than can the right to bring a second formedon. With respect to the case of Huntv. Bowine, in 1 Com. Rep., 124, relied on by plaintiff's counsel, it is to be observed that the right of entry then did not exist until within twenty years before it was made. There was a discontinuance, and the right of entry was thereby taken away; and the right of entry did not exist till the discontinuance ceased, which happened within twenty years before the entry made. If twenty years had elapsed during the life of the issue without entry, after the right of entry accrued and he had died, and the entry of his issue had been held good, then, indeed, it would have been an authority in point. Joseph Wells, in the present case, had no right of entry, that first attached to David after his death, which happened in 1787; David died in 1798, without having exercised that right, more than seven years after the death of his father. I therefore think judgment should be for the defendant.
MACAY, J. Let judgment be entered for the defendant.